# Kramer Levin 

March 1, 2019

BY HAND DELIVERY

The Honorable Leonard P. Stark
The United States District Court for the District of Delaware
844 N King St.
Wilmington, DE 19801

**P. Bradley O'Neill**
Partner
T 212.715.7583
F 212.715.8000
BOneill@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

Re:   *In re Woodbridge Group Of Companies, LLC, et al*, Case Number 18-cv-00996-LPS

Dear Judge Stark:

We are co-counsel to Contrarian Funds, LLC ("Contrarian") in connection with this appeal from an Order (the "Order") of the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). [Bankr. Dkt. No. 2016].[1] Contrarian filed its Notice of Appeal in July of last year. [Bankr. Dkt. No. 2078]. Briefing was completed in mid-November.

Late last October, while this appeal was pending, the Woodbridge Group of Companies', et al. (the "Debtors") First Amended Joint Chapter 11 Plan of Liquidation was confirmed (the "Plan") [Bankr. Dkt. No. 2903]. The Plan went effective on February 15, 2019, and the Liquidation Trust is planning to make an initial cash distribution on claims on or before March 31, 2019. [Bankr. Dkt. No. 3421].

The commencement of distributions threatens to harm Contrarian. The Bankruptcy Court's Order disallowed a proof of claim filed by Contrarian (the "Claim") in the *Woodbridge* case. Contrarian acquired that claim (as well as certain notes and other rights) from another creditor of the Debtors. At present, the Bankruptcy Court's disallowance of Contrarian's proof of claim means that distributions on the underlying claim will not be made to Contrarian, but instead to the party from which it acquired the claim. If Contrarian were to

---

[1] References to "Bankr. Dkt. No." are made to Bankruptcy Case Number 17-12560 (KJC).

March 1, 2019



prevail on its appeal before distributions begin, its claim would be reinstated and distributions would be made directly to it. If the appeal is not resolved before the initial distribution, however, even if Contrarian prevails, it will still be required to pursue the original claim holder and potentially have to litigate to collect whatever amounts are paid by the estates. While we are mindful of the burdens imposed by the Court's calendar, to avoid the potential expense and inconvenience of such collection efforts to both itself and the claim seller, Contrarian respectfully requests that the Court do what it can to expedite its consideration of the pending appeal.

Should you have any questions or concerns, I am happy to discuss the matter with you further.

Respectfully Submitted,

P. Bradley O'Neill

PO:ls

cc: Robert Pfister, Esq.
    David M. Klauder, Esq.